United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Fernando Wong, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-21167-Civ-Scola |
| | ) |
| Lexington Insurance Company, Defendant. | ) |

### Order Requiring Amended Notice of Removal

  This matter is before the Court upon an independent review of the record. Federal courts are obligated to conduct a preliminary examination of the record to determine whether jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). In reviewing the record, the Court is uncertain whether it has subject-matter jurisdiction over this action. A party seeking to invoke a federal court's diversity jurisdiction must allege facts that show that federal-subject-matter jurisdiction exists. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).

  This action was filed on November 23, 2020 in the Eleventh Judicial Circuit in and for Miami-Dade County. On March 29, 2021, the Defendant removed this matter to this Court, invoking the Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1446(b). In its notice of removal, the Defendant states it "first became aware of the amount in controversy on February 26, 2021 when it received an e-mail from Plaintiff's counsel with a settlement demand for $161,000.00." (ECF No. 1, at 2.) Accordingly, it appears the Defendant has timely removed this action to this Court on the grounds it received an "other paper" upon which it learned this action was removable. *See* 28 U.S.C. § 1446(b)(3); *see also Viamontes v. Scottsdale Ins. Co.*, No. 20-22532-Civ, 2020 WL 5981680, at *1 (S.D. Fla. Oct. 8, 2020) (Scola, J.) ("The Notice of Removal was timely filed because it was filed within 30 days of the Plaintiff's June 11, 2020 settlement demand.").

  The Plaintiff's settlement demand simply states "[o]ur client's demand is **$161,000.00 (global),** which will expire on Friday, March 5, 2021." (ECF No. 1-6 (emphasis in original).) The Court cannot determine whether this settlement demand is posturing by Plaintiff's counsel or if instead it is a good faith assessment of the Plaintiff's actual damages. *See Guzman v. Wal-Mart Stores, Inc.*, 16-21135-Civ, 2016 WL 10952494, at *2 (S.D. Fla. May 31, 2016) (Scola, J.) ("Because Wal-Mart relies solely upon the mostly unsubstantiated pre-trial demand amount as the basis for its claim and has not provided enough evidence

that the demand amount was a good faith assessment of Guzman's actual damages, the Court cannot reasonably conclude that the jurisdictional requirement is satisfied."); *see also Garcia v. Scottsdale Ins. Co.*, No. 17-24565-Civ, 2018 WL 8334024, at *2 (S.D. Fla. May 24, 2018) (Scola, J.) ("While a settlement offer certainly 'counts for something,' it is, by itself, not determinative."). The Court does not accept the existence of the settlement demand, without more, as proof its jurisdictional threshold has been met.

Because of these insufficient allegations, the Court is unable to ascertain whether its jurisdictional threshold has been met. Accordingly, the Defendant must file an amended notice of removal which adequately alleges federal-subject-matter jurisdiction, by **April 5, 2021**. If the Defendant fails to file an amended notice of removal by that date or the amended notice fails to provide the facts necessary to establish jurisdiction, the Court will remand this matter back to the Eleventh Judicial Circuit in and for Miami-Dade County.

**Done and ordered**, at Miami, Florida, on March 29, 2021.

_____
Robert N. Scola, Jr.
United States District Judge